# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

RICKEY WHITE,                )
                             )
            Plaintiff,       )
                             )
      v.                     )     No. CIV-06-208-S
                             )
MARTY SIRMONS,    et. al.,   )
                             )
            Defendants.      )

## ORDER

Before the court for its consideration is the Defendants Marty Sirmons, Jane Standifird, Crystal Riley, Terry Kennedy, William Taylor, Sherry Allen, and Jimmy Wilson's Motion to Dismiss/Motion for Summary Judgment filed November 7, 2006.

On April 19, 2006, plaintiff filed his civil rights complaint in this court. On July 31, 2006, the defendants filed a Motion to Stay Proceedings and Request for Order Requiring a Special Report. On August 16, 2006, the court entered an order requiring a Special Report and staying the proceedings. On November 7, 2006, defendants filed a Motion to Dismiss and Motion for Summary Judgment as well as the Special Report. Even though plaintiff filed numerous other motions, he failed to respond to said motion.

Plaintiff appears *pro se* in this action and is an inmate in the custody of the Oklahoma Department of Corrections ("DOC"). He is currently incarcerated in the Oklahoma State Penitentiary in McAlester, Oklahoma.

In his civil rights complaint, plaintiff alleges that defendants violated his constitutional rights on numerous

1

occasions.  He alleges that his Eighth Amendment rights have been
and are being violated based on his conditions of confinement, the
use of restraints on him, the use of excessive force, prison
officials's failure to protect him, lack of training and
rehabilitation, and his alleged mental problems.  He argues that
the above referenced circumstances also violated his due process
rights and that defendants have further violated his due process
rights by failing to promote him to earned credit level two, by
failing to transfer him out of state, by improperly holding him in
administrative segregation, and by failing to provide training and
rehabilitation.  Plaintiff seeks both compensatory and punitive
damages.

**STANDARDS OF SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show there is no genuine
issue as to any material fact and the moving party is entitled to
judgment as a matter of law."  Fed. R. Civ. P. 56 ( C).  See also
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
The moving party has the burden of demonstrating the absence of a
genuine issue of fact.  Celotex v. Catrett, 477 U.S. 317, 325
(1986).  If this initial burden is satisfied, the nonmoving party
then has the burden of coming forward with specific facts showing
there is a genuine issue for trial as to elements essential to
the nonmoving party's case.  Matsushita Elec. Indus. Co. v.
Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus.,
Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).
The nonmoving party cannot rest on the mere allegations of the
pleadings, but must go beyond the pleadings and "set forth
specific facts showing there was a genuine issue for trial as to

those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

**FINDINGS OF FACT**

Plaintiff is currently incarcerated at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. He is serving a life sentence for Murder in the First Degree. Prior to being incarcerated at OSP plaintiff was incarcerated at the Oklahoma State Reformatory. Plaintiff was transferred to the Oklahoma State Reformatory on July 23, 2003. He was transferred to OSP on September 23, 2003. Plaintiff failed to file a grievance while at the Oklahoma State Reformatory. Records also indicate that plaintiff failed to file a grievance appeal to the DOC director. Plaintiff failed to file any grievances at OSP regarding the issues presented in this case from July 2003 to the present.

Plaintiff only filed two grievances while at OSP. One is regarding promotions to credit level two and the other is an appeal regarding an offense report. However, these two grievances were invalid because they failed to comply with the grievance policy.

## I. Exhaustion of Administrative Remedies

DOC has a policy for inmates to file grievances. To exhaust administrative remedies pursuant to DOC's grievance procedure for all claims not involving misconducts, a prisoner within DOC's custody is required to properly and timely file for each claim: 1) a request to staff, 2) a grievance to the facility head, and 3) an appeal of the facility head's response to the administrative review authority (or to the medical services administrator for medical issues.) An inmate has not exhausted his available administrative remedies until he properly and timely files a grievance appeal to the administrative review authority and receives a response from that official.

Plaintiff is required to exhaust claims prior to bringing litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not

> complete it is barred from pursuing a 42 U.S.C. Sec.
> 1983 claim under the Prison Litigation Reform Act for
> failure to exhaust his administrative remedies. <u>Wright
> v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In
> <u>Wright</u>, an inmate alleged that he had substantially
> complied with the administrative procedures but did not
> see the process to its conclusion. The court noted that
> the PLRA does not "enable judges, by creative
> interpretation of the exhaustion doctrine, to prescribe
> or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has failed to make any viable argument that he has exhausted the administrative remedies available as to his claims. To exhaust his administrative remedies pursuant to DOC's grievance procedures, a prisoner within DOC's custody is required to not only file a Request To Staff regarding each issue, but also file a grievance to the facility head. He also must properly appeal the facility's grievance response as to each of those issues to the Administrative Review Authority. Plaintiff failed to properly file a proper grievance in relation to his claims. Further, he has cited no authority or facts to demonstrate he was denied access to those administrative procedures. Plaintiff simply failed to exhaust his administrative remedies.

Accordingly, the defendants are granted summary judgment as to those claims and the action is dismissed in its entirety as to defendants, Marty Sirmons, Jane Standifird, Crystal Riley, Terry Kennedy, William Taylor, Sherry Allen and Jimmy Wilson.

**Dated this 18th Day of April 2007.**

*Frank H. Seay*
United States District Judge